IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Julien Garcon, # 72742-004, ) | |
| ) | |
| ) | Civil Action No. 6:15-3654-RMG-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Meeks, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

      The petitioner is a federal inmate at FCI-Williamsburg, where he is serving a sentence of one hundred twenty months plus three years of supervised release imposed by the United States District Court for the Southern District of Florida on June 25, 2008. The petitioner had been convicted in a jury trial of possession of a firearm by a convicted felon. The petitioner's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit in *United States v. Garcon*, No. 08-14354, 349 F. App'x 377, 380 (11th Cir. Sept. 30, 2009) ("Garcon's DNA was also found on the semi-automatic firearm itself. Taken together, this evidence supports the jury's finding that Garcon did in fact possess the firearm.").

      The petitioner raises two grounds in the Section 2241 petition: (1) the petitioner's sentence exceeds the statutory minimum, and the "maximum of the guideline sentence" and his increased sentence under the residual clause based on his prior conviction for battery on a law enforcement officer violates due process under *Johnson v. United States*, 135 S.Ct. 2551 (2015) (doc. 11 at 5); and (2) the petitioner's sentence exceeds the statutory maximum of the guideline sentence, and the statutory maximum of

the guideline sentence and his increased sentence under the residual clause based on his prior conviction for robbery violates due process under *Johnson* (*id*. at 6). The petitioner states that the district court in Florida determined that he had two prior crimes of violence based on his prior convictions for battery upon a law enforcement officer and robbery (*id*. at 8).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *see also United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See Barber v. Rivera*, Civil Action No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012). A petitioner cannot challenge his or her federal conviction and sentence under § 2241 unless he or she can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Surratt*, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.")

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

The decision of the United States Court of Appeals for the Fourth Circuit in *Persuad v. United States*, 134 S.Ct. 1023 (2014) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Fourth Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013."), has not overruled *In Re Jones* or *Pettiford*. The United States Court of Appeals for the Fourth Circuit has not issued an opinion on remand in *Persuad* because

3

it remanded the case to the district court in North Carolina. *See Debnam v. Crews*, Civil Action No. 4:15-220-SB, 2015 WL 2201691, at *3 n. 3 (D.S.C. May 11, 2015) ("It is noted that *Persaud* has been remanded from the Supreme Court to the Fourth Circuit, which in turn remanded the case to the District Court in North Carolina for consideration of this issue. That case remains pending.").[1] In any event, the sentencing matter at issue in *Persaud* involved a mandatory life sentence. *See Mason v. Thomas*, Civil Action No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014) ("Petitioner cites to the Supreme Court's remand of the *Persaud* case, which occurred on January 27, 2014, in support of his argument that his claim is cognizable under § 2241. *See* 134 S.Ct. 1023. *Persaud* is distinguishable, however, because that case involved a situation where the petitioner, Persaud, was sentenced to mandatory minimum term of life imprisonment, enhanced pursuant to 21 U.S.C. § 851.").

The United States Court of Appeals for the Fourth Circuit has not overruled *In Re Jones* and, since the Supreme Court's remand in *Persaud*, has continued to apply the *In Re Jones* test. *See Rouse v. Wilson*, No. 14-6715, 584 F. App'x 76, 76 n. * (4th Cir. Sept. 30, 2014):

> The district court properly determined that Rouse could not proceed with his claims under § 2241. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir.2008); *In re: Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

*See also Brown v. Mansukhani*, Civil Action No. 5:15-164-BHH, 2015 WL 2173048, at *5 (D.S.C. May 8, 2015) ("The Supreme Court's order in the *Persaud* case is one paragraph long and it does not contain any ruling on the merits of the petitioner's and the United States' arguments against application of the Fourth Circuit's *Poole* line of cases, nor does

---

[1] As noted in *Brown v. Mansukhani*, Civil Action No. 5:15-164-BHH, 2015 WL 2173048, at *5 n. 6 (D.S.C. May 8, 2015), the *Persaud* case was stayed by the United States District Court for the Western District of North Carolina on December 5, 2014, pending a decision by the United States Court of Appeals for the Fourth Circuit in *United States v. Surratt*. *See United States v. Persaud*, No. 3:12-cv-00509-FDW (W.D.N.C.) (ECF Nos. 15, 16).

4

it contain any discussion about whether those cases correctly interpreted and applied the law applicable to the § 2255 savings clause or to § 2241 subject-matter jurisdiction.").

The petitioner's available remedy was to seek leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit. The petitioner did so (doc. 11 at 15), but the petitioner indicates that the United States Court of Appeals for the Eleventh Circuit denied leave on July 24, 2015.[2] The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). This district court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *See In re Vial*, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); 28 U.S.C. § 2244(b)(3); and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

As "the Supreme Court has told us," actual innocence "'means factual innocence, not mere legal insufficiency.'" *Surratt*, 797 F.3d at 250 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In this case, the petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted (possession of firearm by convicted felon) has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion. Instead, the petitioner challenges

---

[2] A PACER search in the Eleventh Circuit website (https://ecf.ca11.uscourts.gov/cmecf, last visited on Oct. 30, 2015) reveals that the petitioner on July 9, 2015, filed an Emergency Application for Leave to File a Successive Motion to Vacate Sentence. The United States Court of Appeals for the Eleventh Circuit denied the motion on the grounds that *Johnson* is not applicable to cases under collateral review. *See In Re: Julien Garcon*, No. 15-13039-A, at *3–5 (11th Cir. July 24, 2015). The petitioner on August 13, 2015, attempted to file a motion for reconsideration, but the Clerk's Office of the Eleventh Circuit returned the filing to the petitioner because a party may not file a motion for reconsideration of a denied application for leave to file a second or successive petition.

the legal classification of two predicate offenses used to enhance his sentence, which "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to trigger relief under the savings clause. *Surratt*, 797 F.3d at 250. As a result, the petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Section 2241 petition is subject to summary dismissal. *Surratt*, 797 F.3d at 268.

Accordingly, it is recommended that the Section 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an Answer or return. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability. The petitioner's attention is directed to the important notice on the next page.

November 3, 2015                                         s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7