IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julien Garcon, # 72742-004, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden Meeks, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 6:15-3654-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 20). The Court hereby adopts the R & R and dismisses the petition without prejudice.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Petitioner Julien Garcon is a federal prisoner serving a 120-month sentence and three years of supervised release. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that (1) his increased sentence under the Armed Career Criminals Act's residual clause violated due process, and (2) his sentence exceed the statutory minimum and maximum. (Dkt. No. 1 at 2–3). Federal prisoners may utilized § 2241 only when they have "no

opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). In other words, a § 2241 claim is appropriate only when it satisfies § 2255's savings clause.

There is a three-part test to determine when § 2241 is an appropriate vehicle for a federal prisoner to bring a § 2255 claim:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The Court agrees with the Magistrate Judge's conclusion that Petitioner fails to satisfy this three-part test. Petitioner's objections are irrelevant to this inquiry. (*See* Dkt. No. 23 (objecting generally to the Magistrate Judge's recommendations)).

The Court has reviewed the R & R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the action should be dismissed. Therefore, the Court hereby **ADOPTS** the R & R as the order of this Court and **DISMISSES** the petition without prejudice and without requiring Respondent to answer.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 3, 2015
Charleston, South Carolina

2